# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LINDA E. CAMPOS-HOLMER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 04-1168-CV-W-FJG |
| ) | |
| THE STANDARD LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Defendant's Motion for Summary Judgment or Alternative Motion to Dismiss. (Doc. No. 5). Together with said motion are Defendant's Suggestions in Support (Doc. No. 6), Plaintiff's Response in Opposition (Doc. No. 15), Defendant's Reply (Doc. No. 18), and all accompanying exhibits and affidavits.

**I. Facts.**

Prior to March 7, 2002, Jon F. Holmer (hereinafter "Decedent"), was an employee of Anesthesia Associates of K.C. P.C. (hereinafter "AAKC"). AAKC sponsored an employee welfare benefit plan (hereinafter "Plan"), that provided life insurance benefits and Accidental Death and Dismemberment (AD&D) benefits to eligible, qualifying Plan participants. Defendant issued Group Policy No. 125055 (hereinafter "Policy") that insured the benefits provided through the Plan.

Decedent was found dead in his home on March 25, 2002.[1] AAKC submitted a Life

---

[1]Plaintiff states that there is a dispute as to the actual date of death. It is notable, however, that in responding to defendant's statement of facts, plaintiff provided no citations to evidence in the record supporting her position. Once the moving party has met its burden of setting forth evidence that the material facts are undisputed, the

Insurance Benefits Proof of Death Claim Form (hereinafter "Claim Form") to defendant that was received by defendant on May 13, 2002. On the Claim Form, AAKC advised that Decedent's last day of work was March 7, 2002 and that he did not thereafter return to work because his employment had been terminated.[2]

Defendant denied the claim for AD&D benefits by letter dated May 21, 2002. Plaintiff, through her counsel, first appealed from this May 21, 2002 denial by letter dated August 24, 2004. Defendant, by letter dated September 9, 2004, advised Plaintiff, through her counsel, that her August 24, 2004 appeal from the May 21, 2002 denial was delinquent in that the Policy requires all appeals to be made within 60 days of the denial. Because defendant determined the plaintiff's administrative appeal was untimely, defendant did not address the substantive merits of plaintiff's appeal.[3]

On November 15, 2004, plaintiff filed the pending action in the Circuit Court of Clay County, Missouri, asserting claims for (1) breach of contract and (2) vexatious refusal to

---

nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). Therefore, defendant's factual contention is considered undisputed for purposes of this analysis.

[2]Plaintiff admits that the claim form says this; however, plaintiff contends that decedent was employed at the time of his death. Notably, however, nothing timely filed in the administrative record of this case indicates that decedent was employed at the time of his death.

[3]Although plaintiff admits that no appeal was made until August 2004, Plaintiff denies that the appeal was untimely. However, the language of the Plan/Policy and the language of the May 21, 2002 letter denying plaintiff's claim both provide that if plaintiff wished defendant to review her claim, plaintiff must send a written request for such review 60 days after receipt of the May 21, 2002, letter. Plaintiff's denial that her appeal was untimely is not well-founded in law, fact, or logic. The Court agrees that no question of material fact remains as to this issue; plaintiff's appeal was untimely.

2

pay. After being served the petition, defendant timely removed the case to this Court on December 29, 2004, noting that plaintiff's state law claims are completely preempted by ERISA. See Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987).

The language of the Plan/Policy is important to the resolution of this case. The Plan/Policy provides:

> G. When AD&D Insurance Ends
>
> AD&D Insurance ends automatically on the earlier of:
>
> 1. The date your Life Insurance ends.
>
> 2. The date your Waiver of Premium begins.
>
> 3. The date your Life Insurance is continued under Continuation During Total Disability. . . .
>
> 4. The date AD&D Insurance terminates under the Group Policy.

Doc. No. 7, STND647-0017.

The Plan/Policy further provides:

> F. When Life Insurance Ends
>
> Life Insurance ends automatically on the earliest of:
>
> 1. The date the last period ends for which you made a premium contribution, if your insurance is Contributory;
>
> 2. The date the Group Policy terminates;
>
> 3. The date your employment terminates; and
>
> 4. The date you cease to be a Member. . . .

Doc. No. 7, STND647-0022.

The Plan/Policy additionally provides:

> [W]e have full and exclusive authority to control and manage the Group Policy, to administer claims, and to interpret the Group Policy and resolve all questions arising in the administration, interpretation, and application of the Group Policy.
>
> Our authority includes, but is not limited to:
>
> 1. The right to resolve all matters when a review has been requested;
>
> 2. The right to establish and enforce rules and procedures for the administration of the Group Policy and any claim under it;
>
> 3. The right to determine:
>
>    a. Eligibility for insurance;
>
>    b. Entitlement to benefits;
>
>    c. Amount of benefits payable;
>
>    d. Sufficiency and the amount of information we may reasonably require to determine a., b., or c., above.

Doc. No. 7, STND647-0008.

Finally, the Plan/Policy provides:

> G. Review Procedure
>
> If all or part of a claim is denied, the claimant must request a review in writing within 60 days after receiving notice of the denial.

Doc. No. 7, STND647-0010.

**II. Summary Judgment Standard.**

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of

4

law.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  The facts and inferences are viewed in the light most favorable to the nonmoving party.  Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986).  The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law.  Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997).  To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved.  Lower Brule, 104 F.3d at 1021.  Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment.  Id.  Rather, "the disputes must be outcome determinative under prevailing law."  Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts."  Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

**III. ERISA Standard of Review**

A court reviewing an ERISA plan administrator's decision denying benefits should apply a de novo standard of review unless the plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the plan's terms. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If a plan gives the administrator discretionary authority, then a court should review a plan administrator's decision only for abuse of discretion. Id. at 115; Cox v. Mid-America Dairymen, Inc., 965 F.2d 569, 571 (8th Cir. 1992), aff'd after remand, 13 F.3d 272 (8th Cir. 1993). The Plan at issue in this case provides discretionary authority to the Plan Administrator to interpret the plan terms at issue.

Under the abuse-of-discretion standard, a court applies a deferential standard of review to an administrator's plan interpretation and fact-based eligibility determinations. See Donaho v. FMC Corporation, 74 F.3d 894, 898 (8th Cir. 1996) (abrogated on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003)). The deferential standard does not allow a reviewing court to reject an administrator's discretionary decision simply because the court disagrees. Id. The proper inquiry is "whether the plan administrator's decision was reasonable; i.e., supported by substantial evidence." Donaho, 74 F.3d at 899. Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." McGee v. Reliance Standard Life Ins. Co., 360 F.3d 921, 924 (8th Cir. 2004). A court will affirm an administrator's reasonable interpretation of a plan. Cox v. Mid-America Dairymen, Inc., 13 F.3d 272, 274 (8th Cir. 1993); Finley v. Special Agents Mut. Benefit Ass'n, Inc., 957 F.2d 617, 621 (8th Cir. 1992).

Finley outlines a five-factor test to evaluate the reasonableness of an administrator's

6

decision in interpreting and applying plan provisions: (1) whether the administrator's interpretation is consistent with the goals of the plan; (2) whether the interpretation renders any language in the plan meaningless or internally inconsistent; (3) whether the administrator's interpretation conflicts with the substantive or procedural requirements of the ERISA statute; (4) whether the administrator has interpreted the relevant terms consistently; and (5) whether the interpretation is contrary to the clear language of the plan. Finley, 957 F.2d at 621; Cash v. Wal-Mart Group Health Plan, 107 F.3d 637, 641 (8th Cir. 1997).

To properly apply the deferential standard of review, "a reviewing court must be provided the rationale underlying the trustee's discretionary decision." Cox, 965 F.2d at 574. A court's decision as to whether a plan administrator abused his or her discretion must be based on facts known to the administrator at the time the benefits claim decision was made. Cash, 107 F.3d at 641; Collins v. Central States Southeast and Southwest Areas Health & Welfare Fund, 18 F.3d 556, 560 (8th Cir. 1994). When applying the arbitrary and capricious standard of review, the Court only considers evidence that is part of the administrative record. See Barnhart v. UNUM Life Ins. Co. of America, 179 F.3d 583, 590 (8th Cir. 1999); Layes v. Mead Corp., 132 F.3d 1246, 1251 (8th Cir. 1998). The court cannot substitute its own weighing of the conflicting evidence for that of the plan administrator. Cash, 107 F.3d at 641; Cox, 965 F.2d 569, 573 (8th Cir. 1992).

**IV. Discussion.**

Defendant gives three reasons why it believes summary judgment should be granted: (1) plaintiff failed to appeal the May 2002 denial of her benefit claim within the 60 days prescribed by the plan, and defendant's decision that her claim is time barred is not

arbitrary and capricious; (2) defendant's initial determination in May 2002 that plaintiff was not entitled to AD&D benefits was not arbitrary and capricious; and (3) plaintiff has failed to exhaust her administrative remedies, and she is now time-barred from exhausting those remedies. Each of defendant's arguments will be considered in turn.

    A.    Failure to Timely Appeal the Administrator's Decision

As defendant states, the Plan expressly requires any participant challenging denial of a claim to file an administrative appeal within 60 days. It is undisputed that plaintiff's claim was denied on May 21, 2002, and that plaintiff did not appeal this decision until August 24, 2004. Defendant states that its decision to deny plaintiff's appeal as time barred is therefore not arbitrary and capricious. In fact, defendant argues that under no reasonable interpretation of the plan language could plaintiff's administrative appeal be found to be timely.

Plaintiff argues that "[w]hether or not the decision not to consider the Plaintiff's appeal that was made outside the sixty (60) day time frame was arbitrary and capricious, is a factual issue in dispute." Plaintiff contends that defendant's failure to consider facts brought to its attention after the 60 days had passed was arbitrary and capricious. Plaintiff also contends that allowing the administrator of the ERISA plan to enforce a 60 day time limit for bringing appeals improperly changes the statutory time frame for bringing a cause of action in federal court, usurping authority from the legislature.[4]

The Court agrees with defendant that plaintiff's arguments are without merit. As defendant points out, Department of Labor regulations provide that 60 days is an

---

[4]Notably, plaintiff cites no case law or other authority supporting her position.

8

Case 4:04-cv-01168-FJG   Document 19   Filed 05/16/05   Page 8 of 12

appropriate time limit for appeals from adverse benefit determinations. See 29 C.F.R. § 2560.503-1(h)(2)(i). Further, the Court agrees that defendant has a fiduciary duty to enforce the terms of a controlling written plan document. See 29 U.S.C. § 1104(a)(1)(D). It is clear from the terms of the Plan/Policy that a claimant must request review of an adverse benefit decision within 60 days of receipt of that decision, and it is clear from the facts of this case that plaintiff made no request for review until over two years had passed from the date of the decision. Under the controlling precedent outlined in Section III of this Order, it is plainly obvious that defendant's determination that plaintiff's appeal was time barred is reasonable. No other reasonable interpretation of the plan documents is possible (certainly, plaintiff points to no alternate interpretation), and the Court cannot rewrite the terms of an ERISA Plan. See Hengelein v. Colt Indus. Operating Corp., 260 F.3d 201, 215 (3d Cir. 2001).

With respect to plaintiff's argument that the 60 day administrative appeal provision unlawfully usurps authority from the legislature by shortening the statute of limitations for bringing lawsuits, plaintiff is incorrect. ERISA provides that every plan must provide a benefits appeal procedure. See 29 U.S.C. § 1133(2). As defendant points out, plaintiffs are mandated to exhaust their administrative remedies (including a plan's appeal procedure) before filing a lawsuit. See Galman v. Prudential Ins. Co. of America, 254 F.3d 769, 770 (8th Cir. 2001). As mentioned above, the DOL has issued regulations providing that 60 days is an appropriate time limit for appeals of adverse benefit determinations. Finally, many other courts have found it proper to grant summary judgment where participants

9

failed to timely make an administrative appeal.[5]

Therefore, for all the foregoing reasons, defendant's motion for summary judgment (Doc. No. 5) based on plaintiff's failure to timely request review of the defendant's adverse determination is **GRANTED.**

B.   Defendant's Initial Determination Denying AD&D Benefits

In addition to the aforementioned reason, summary judgment should be granted because defendant's initial determination was not arbitrary and capricious. The Plan/Policy provides that AD&D benefits stop when life insurance terminates, and that life insurance benefits terminate when employment terminates. Although according to the Plan/Policy decedent had a right to convert his life insurance coverage following termination of employment, no such conversion rights apply to AD&D coverage.[6]  See Doc. No. 7, STND647-0060. Decedent's former employer informed defendant that decedent's employment ended on March 7, 2005. Decedent was found dead on March 25, 2002, which is 18 days after his employment terminated. Defendant states that no evidence in the administrative record supports an assertion that decedent died prior to March 7, 2002. Nor was there any evidence in the administrative record that plaintiff's employment terminated sometime after March 7, 2002. Therefore, defendant states that its decision was not arbitrary and capricious based on the administrative record before it in May 2002.

Plaintiff argues that defendant failed to examine the additional facts brought to its attention in August 2004. Plaintiff notes that soon after receiving this information,

---

[5]See the cases cited at Doc. No. 18, pp. 6-7.

[6]Because decedent died during a conversion period under the Plan/Policy, defendant paid life insurance benefits to plaintiff. See Doc. No. 7, STND647-0060.

10

defendant sent a letter to plaintiff's attorney indicating that defendant would "review the information received and contact you when a determination has been made." Doc. No. 7, STND647-00095. Plaintiff states that it is illogical for defendant to argue that its decision was not arbitrary when not all the available information had been considered.

Defendant reiterates that as of the time it made its initial decision, there was no evidence that decedent died prior to March 7, 2002, the date upon which decedent's employer reported he had been terminated from employment. The Court agrees that the evidence in the administrative record supports defendant's conclusion, and that this conclusion is reasonable under the factors discussed in Section III of this Order. The Court also agrees that the August 2004 letter from defendant does no more than acknowledge receipt of information; the letter does not indicate that defendant would re-open the period of time for appealing the denial of plaintiff's claims. Defendant was under no obligation, under the terms of the Policy/Plan or otherwise, to consider materials submitted over two years too late. Furthermore, the Court cannot consider evidence that was not part of the administrative record at the time of the May 2002 decision. See Barnhart, 179 F.3d at 590; Layes, 132 F.3d at 1251. Defendant's motion for summary judgment (Doc. No. 5), therefore, is **GRANTED** as to this issue as well.

C.      Failure to Exhaust Administrative Remedies

Finally, defendant argues that plaintiff failed to exhaust her administrative remedies (e.g., she failed to timely request review of defendant's initial decision), and that she is now time-barred from exhausting those administrative remedies. As discussed above, the Court agrees that plaintiff has failed to exhaust her administrative remedies. Because plaintiffs may not properly bring ERISA § 502(a)(2) claims if they do not first exhaust their

11

administrative remedies (see Galman, 254 F.3d at 770; Burds v. Union Pacific Corp., 223 F.3d 814, 817 (8th Cir. 2000)), defendant's motion for summary judgment (Doc. No. 5) should be **GRANTED** on this basis as well.

**V. Conclusion**

Therefore, for the foregoing reasons, defendant's motion for summary judgment (Doc. No. 5) is **GRANTED**. All other pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.**


Date: May 16, 2005  
Kansas City, Missouri

S/ FERNANDO J. GAITAN, JR.  
Fernando J. Gaitan, Jr.  
United States District Judge